IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Christopher M. Evans, )
    Petitioner, )
  )
v. ) 1:10cv414 (TSE/TCB)
  )
Gene M. Johnson, )
    Respondent. )

## MEMORANDUM OPINION AND ORDER

Christopher M. Evans, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions of abduction and rape entered on a jury verdict in the Williamsburg/James City County Circuit Court. By Order entered May 3, 2010, petitioner was directed to show cause why his petition should not be dismissed as time-barred pursuant to the one-year limitations period set out at 28 U.S.C. §2244(d), and why three of his claims should not be barred from federal consideration due to their procedural default in the state forum. In addition, petitioner was instructed either to pay the statutory filing fee of $ 5.00 or to complete and return an application to proceed in forma pauperis in this action. Petitioner was cautioned that failure to comply with any part of the Order within thirty (30) days would result in dismissal of his complaint pursuant to Fed. R. Civ. P. 41(b). On June 14, 2010, when it appeared that petitioner had failed to file anything further in the case, the petition was dismissed without prejudice.

Subsequently, the Court received a letter from petitioner, dated June 1, 2010, and date-stamped as received by the Richmond Division of the District Court for the Eastern District of Virginia on June 2, 2010. In it, petitioner set out his responses to the issues of the timeliness of his

petition and procedural bar, as directed in the Order of May 3. In addition, petitioner paid the filing fee for this action. Accordingly, as it appeared that petitioner timely and appropriately responded to the May 3 Order and simply misdirected his response to the Richmond Division, the Clerk was directed to re-open the petition. However, upon consideration of the substance of petitioner's letter, this petition must be dismissed as time-barred.

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

In the instant case, petitioner was convicted on December 6, 2006. Petitioner filed a direct appeal in the Virginia Court of Appeals, which denied his petition for appeal on June 7, 2007. Petitioner then appealed to the Supreme Court of Virginia, which denied his petition for appeal on September 25, 2007. Therefore, petitioner's conviction became final on December 23, 2007, the last date he could have petitioned the Supreme Court of the United States for a writ of certiorari.[1]

In calculating the one-year period, however, the Court must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). On August 4, 2008, petitioner filed a state habeas petition in the Supreme Court of

---

[1] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

Virginia, which denied his application on January 6, 2009. Meanwhile, petitioner filed the instant petition on or about December 15, 2009.[2]

Between December 23, 2007, the date petitioner's conviction became final, and August 4, 2008, the date petitioner filed his state habeas petition, 223 days passed. Between January 6, 2009, the date the denial of petitioner's state habeas application became final, and December 15, 2009, the date petitioner presumably filed his federal petition, an additional 341 days passed. When these days are combined they establish that the instant petition was filed 199 days beyond the one-year limit. Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)).

In his letter to the Court dated June 1, 2010, petitioner argues that he is entitled to equitable tolling of the limitations period because he is an unrepresented litigant who suffers from a health condition. (Docket # 6)[3] The United States Supreme Court recently established that equitable tolling

---

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In this case, petitioner avers that he executed his petition on December 15, 2009. Pet. at 15. However, the Court received the petition over four months later, on April 20, 2010. Pet. at 1. Under other circumstances, petitioner would be directed to address this apparent discrepancy, but in this case, as discussed above, the petition is untimely even if it is assumed that it was delivered to prison authorities for mailing on the date it assertedly was executed, December 15, 2009.

[3] Petitioner captioned his letter response to the May 3 Order as "Confidential," and it appeared that he did so because the pleading included references to a specific health condition. Therefore, in order to preserve petitioner's confidentiality, the Court directed the Clerk to file petitioner's original letter response under seal, and to place a redacted copy of petitioner's pleading in the public record. In this Memorandum Opinion, then, the term "health condition" is used to refer to the substance of petitioner's argument.

3

is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). It has been settled in this circuit for some time that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). Importantly, however, as the Fourth Circuit Court of Appeals has warned, invocations of equity

> ... to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes .... We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Rouse, 339 F.3d at 246. For equitable tolling to apply, therefore, petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct (3) prevented him from filing on time. Id.

In this case, petitioner first argues that equitable tolling should apply because he is "an unrepresented inmate attempting to maneuver through the appeals process." Because petitioner was "unrepresented in all efforts in habeas filing," he misapprehended that his federal habeas application was due to be filed within one year of January 9, 2009, the date his state habeas corpus petition was denied. Petitioner's contention that equitable tolling should apply in his case because his status as an unrepresented layman at law caused him to make a mistake is not a novel argument, and is one that has been uniformly rejected not only by the Fourth Circuit, United States v. Sosa, 364 F.3d 507,

512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."), but also by virtually every court that has considered it. See, e.g., Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling ...."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same). Here, then, petitioner's attempt to rely on his pro se status as a basis for equitable tolling is unavailing.

Similarly, petitioner's assertion that he suffers from a health condition also falls short of warranting equitable tolling. The same health condition has been urged as a basis for equitable tolling by other litigants, and courts generally hold that the condition, standing alone, will not toll the limitations period. See Price v. Jamrog, 79 Fed. Appx. 110 (6th Cir. Oct, 23, 2003), and cases cited. Instead, petitioner's health condition, and others similar to it, act to toll the limitations period only if the condition "in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996). In order to overcome the limitations barrier, a petitioner must show that his health condition is profound, Sosa, 364 F.3d at 513, citing Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998), and that it rendered him incapable of filing a habeas application before the limitations period expired. Allen v. Lewis, 255 F.3d 798 (9th Cir. 2001) (prisoner must show that the extraordinary circumstances relied upon were the proximate cause of his petition's untimeliness); Rhodes v. Senkowski, 82 F. Supp. 2d 160, 169-70 (S.D.N.Y. 2000) (prisoner must show that

5

medical condition rendered him unable to pursue his rights during the relevant time period). Thus, it is not enough that a petitioner seeking equitable tolling allege the existence of a health condition; instead, he has the burden to demonstrate that the health condition rendered him unable to file a habeas application during the one-year limitations period. Hall v. Walker, 2010 WL 2889511 (C.D.Cal. June 3, 2010) at *6, adopted, 2010 WL 2889508 (C.D.Cal. July 20, 2010) Brown v. McKee, 232 F.Supp.2d 761, 767-68 (E.D. Mich. 2002).

Pursuant to these authorities, petitioner's reliance on his health condition is inadequate to warrant equitable tolling. Petitioner here does no more than assert that the condition exists; he makes no showing whatever that the condition prevented him from filing a federal habeas application during the AEDPA limitations period. Therefore, petitioner's reliance on his health condition to support equitable tolling must be rejected. Moreover, petitioner has failed to demonstrate that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result," Rouse, 339 F.3d at 246, and he neither suggests nor offers evidence sufficient to establish that he is actually innocent of the offense for which he was convicted. See Schlup v. Delo, 513 U.S. 298, 327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Accordingly, this petition is time-barred from federal consideration, and must be dismissed.

Accordingly, it is

ORDERED that this petition be and is DISMISSED, WITH PREJUDICE, as time-barred.

This is a final order for purposes of appeal. To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting

the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send of copy of this Memorandum Opinion and Order to plaintiff and to close this civil case.

Entered this 9th day of August 2010.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge